RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0527-MR

ANTHONY TYLER FULTON                             APPELLANT

                 APPEAL FROM ROBERTSON CIRCUIT COURT
v.                 HONORABLE JAY B. DELANEY, JUDGE
                 ACTION NO. 18-CR-00004

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Anthony Tyler Fulton appeals the final judgment of his conviction, entered on February 14, 2020, by the Robertson Circuit Court. After a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Jackie Burden approached Robertson County Sheriff Mark Sutton about making controlled drug buys. The sheriff and Burden—as a cooperating

witness—arranged for Burden to purchase $60.00 of methamphetamine from Anthony Tyler Fulton on June 2 and 3, 2018, for which Burden would be compensated $40.00 for each successfully completed transaction. As part of the arrangement, the sheriff placed a recording device in Burden's vehicle. On June 2 and 3, 2018, Burden met Fulton and purchased white crystalline substances purported to be methamphetamine; said transactions were recorded.[1] The purchased white crystalline substances were sent to a laboratory where they were weighed and tested to confirm their weight and chemical makeup. Both substances tested positive as methamphetamine. The first weighed approximately 0.389 grams while the second weighed approximately 0.296 grams.

On December 10, 2018, an indictment was entered in which a grand jury charged Fulton with two counts of trafficking in a controlled substance (methamphetamine) in the first degree, first offense, less than two grams[2] and one count of being a persistent felony offender in the first degree (PFO I).[3] A two-day trial was held during which Fulton, Burden, Sheriff Sutton, and a laboratory technician testified. The video recording of the first controlled buy was played for the jury. At trial, Fulton admitted to selling methamphetamine to Burden. During

---

[1] Fulton was not clearly visible in the recording of the second transaction.

[2] Kentucky Revised Statutes (KRS) 218A.1412, a Class C felony.

[3] KRS 532.080(3).

cross-examination, counsel was permitted to ask Burden if he was under the influence of drugs during the transactions and at trial; however, the Commonwealth objected to further questioning of Burden regarding his history of drug use. The trial court sustained the objection finding that line of questioning irrelevant and, thus, inadmissible. Ultimately, the jury returned a guilty verdict on all charges[4] and recommended a total sentence of 13 years' incarceration. The trial court adopted the jury's recommendations and entered its final judgment on February 14, 2020. This appeal followed.

## STANDARD OF REVIEW

The standard of review concerning a trial court's evidentiary rulings is for abuse of discretion. *Tumey v. Richardson*, 437 S.W.2d 201, 205 (Ky. 1969). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles." *Penner v. Penner*, 411 S.W.3d 775, 779-80 (Ky. App. 2013) (citation omitted).

## ANALYSIS

On appeal, Fulton raises only one issue. He contends the trial court erred in disallowing questioning of Burden regarding his prior drug history on cross-examination. Fulton asserts he was prevented from exploring Burden's knowledge of drugs, his experience in buying and selling drugs, and his history of

---

[4] The PFO I charge was amended to the lesser charge of PFO II.

being a drug addict.

KRE[5] 611(b) defines the scope of cross-examination. A "witness may be cross-examined on any matter relevant to any issue in the case, including credibility. In the interests of justice, the trial court may limit cross-examination with respect to matters not testified to on direct examination." *Id.* Even so:

> the right to cross-examination is not absolute and the trial court retains the discretion to set limitations on the scope and subject. The Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. Instead, **trial courts retain wide latitude** insofar as the Confrontation Clause is concerned **to impose reasonable limits on such cross-examination based on concerns about, among other things,** harassment, prejudice, **confusion of the issues,** the witness' safety, **or interrogation that is repetitive or only marginally relevant.**
>
> Therefore, a limitation placed on the cross-examination of an adverse witness does not automatically require reversal. Instead, a reviewing court must first determine if the Confrontation Clause has been violated. The Sixth Amendment does not prevent[ ] a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. Rather, **[s]o long as a reasonably complete picture of the witness' veracity, bias and motivation is developed, the judge enjoys power and discretion to set appropriate boundaries.**

*Commonwealth v. Armstrong*, 556 S.W.3d 595, 602 (Ky. 2018) (emphasis added)

---

[5] Kentucky Rules of Evidence.

(footnotes and internal quotation marks omitted).

Here, the jury heard testimony that Burden's motivation to conduct the controlled drug buy was to make money. The jury also heard Burden's testimony that he would have passed a drug test on the days of the controlled drug buys and trial, which went to the issues of his veracity and credibility. The jury heard testimony about Burden's potential bias against Fulton concerning another transaction in which Burden attempted to sell a car to Fulton's father.

Furthermore, the jury heard multiple admissions from Fulton that he sold Burden the methamphetamine, they saw a video recording depicting the first transaction, and heard testimony from Burden and the sheriff about the buys, as well as from the laboratory technician about the results of the tests conducted on the substances.[6] Considering the overwhelming evidence of Fulton's guilt, any curtailing of the cross-examination regarding Burden's drug history by the trial court amounts to harmless error.

The limiting of cross-examination—which may be perceived to violate the Confrontation Clause of the Sixth Amendment—can be subject to harmless error analysis. *Barth v. Commonwealth*, 80 S.W.3d 390, 395 (Ky. 2001). It is well-established, a single error alone does not necessarily require reversal, and

---

[6] None of these facts were mentioned by Fulton's public advocate on appeal. We here note that while counsel has a duty to zealously represent the interests of his client, he still owes a duty of candor to the court.

our court is bound to review the error for possible harmlessness. CR[7] 61.01

provides:

> No error in either the admission or the exclusion of
> evidence and no error or defect in any ruling or order or
> in anything done or omitted by the court or by any of the
> parties is ground for granting a new trial or for setting
> aside a verdict or for vacating, modifying, or otherwise
> disturbing a judgment or order, unless refusal to take
> such action appears to the court inconsistent with
> substantial justice. The court at every stage of the
> proceeding must disregard any error or defect in the
> proceeding which does not affect the substantial rights of
> the parties.

Kentucky courts recognize "[a]n error is harmless where, considering the entire

case, the substantial rights of the defendant are not affected or there appears to be

no likely possibility that the result would have been different had the error not

occurred." *Greene v. Commonwealth*, 197 S.W.3d 76, 84 (Ky. 2006).

Even if Fulton had been allowed to fully cross-examine Burden in the

manner from which he asserts he was prevented, such testimony from Burden

would not have been sufficient to overcome Fulton's admissions and the video

recording depicting the transaction. Although Fulton claims he would not have

needed to testify had he been permitted to more fully question Burden, Fulton still

cannot overcome the evidence of the transaction depicted in the video recording.

---

[7] Kentucky Rules of Civil Procedure.

Accordingly, Fulton failed to show any likely possibility that the result would have been different had the error not occurred; thus, we must affirm.

## CONCLUSION

Therefore, and for the foregoing reasons, the judgment of the Robertson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

E. Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky